# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIVERSIFIED MERCURY<br>COMMUNICATIONS, LLC, *et al.*,[1]<br><br>    Debtors. | Chapter 7<br><br>Case No. 19-10757-KBO<br>(Jointly Administered) |
| GEORGE L. MILLER, solely in his capacity as chapter 7 trustee of Diversified Mercury Communications, LLC and DTR Advertising, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>DIGITAL MEDIA SOLUTIONS d/b/a THE ADDICTION ADVISOR,<br><br>    Defendant. | Adv. Pro. No. __ - _____-KBO |

## COMPLAINT

George L. Miller, solely in his capacity as the chapter 7 trustee ("Trustee" or "Plaintiff") of Diversified Mercury Communications, LLC ("DMC") and DTR Advertising, Inc. ("DTR" and, together with DMC, the "Debtors" or "Mercury Media"), by and through his undersigned counsel, files this complaint (the "Complaint") against Digital Media Solutions d/b/a The Addiction Advisor ("Defendant"), to collect a debt owed by Defendant to the Debtors and, upon information and belief, Plaintiff respectfully states as follows:

---

[1] The Debtors in these cases are: (i) Diversified Mercury Communications, LLC a/k/a Mercury Media and (ii) DTR Advertising, Inc.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b).

2. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. The predicates for the relief sought herein are sections 105(a) and 542(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 7001 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules").

5. Pursuant to Bankruptcy Rule 7008 and Rule 7008-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff consents to the entry of final orders and judgment by the Court in this adversary proceeding.

## GENERAL BACKGROUND AND PARTIES

6. On April 3, 2019, an involuntary chapter 7 petition for relief was filed against DMC in this Court.

7. On May 2, 2019, this Court entered an Order for Relief in an Involuntary Case against DMC.

8. On May 23, 2019, DTR, an affiliate of DMC, filed with this Court a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

9. On May 29, 2019, the Bankruptcy Court entered an order directing the joint administration of the Debtors' chapter 7 cases.

10. George L. Miller is the duly appointed chapter 7 trustee of the Debtors' estates.

11. Upon information and belief, Defendant has a principal place of business of 5200 Town Center Circle, Suite 510, Boca Raton, FL 33486.

## THE AGREEMENTS

12. Prior to the bankruptcy filings, the Debtors were a full service direct response media agency with various businesses, including short form, long form, and digital advertising media businesses, under the name "Mercury Media."

13. Mercury Media and Defendant entered into one or more prepetition agreements (collectively, the "Agreements").

14. Under the terms of the Agreements, among other things, Mercury Media agreed to provide certain advertising, media purchasing, and/or relating services to Defendant and Defendant agreed to pay Mercury Media for such services on the terms set forth more fully in the Agreements.

## DEFENDANT'S BREACH OF THE AGREEMENTS

15. In or about 2018 and 2019, Defendant materially breached the Agreements by failing to pay Mercury Media for services rendered to Defendant.

16. Upon information and belief, Defendant received one or more invoices for the services rendered by Mercury Media under the Agreements.

17. According to the Debtors' books and records, Defendant owes Mercury Media not less than $40,568.32 for services provided by Mercury Media pursuant to the Agreements.

18. Attached to this Complaint as **Exhibit A** is the breakdown of the unpaid amounts owed by Defendant as reflected on the Debtors' books and records.

19. Such debt is matured, payable on demand, or payable on order and is due and owing to the Debtors' estates.

20. Prior to filing this Complaint, Plaintiff made demand for payment of such debt but, as of the filing of this Complaint, Defendant has failed to pay such amounts.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Turnover, 11 U.S.C. §§ 105(a); 542(b))

21. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

22. Defendant entered into the Agreements with Mercury Media whereby Mercury Media agreed to provide advertising, media purchasing, and/or related services in exchange for which Defendant agreed to pay to Mercury Media a sum certain.

23. Mercury Media provided, and Defendant received, the agreed-upon services in accordance with the Agreements.

24. Despite receiving invoices requesting payment, Defendant has failed to make full payment of the amount owed to the Debtors' estates.

25. The Debtors' estates were damaged by Defendant's failure to pay for the rendered advertising services in the amount set forth on **Exhibit A** hereto.

### Second Claim for Relief
### (Breach of Contract)

26. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

27. Mercury Media and Defendant entered into the Agreements, which are valid, binding, and enforceable contracts.

28. Mercury Media performed all, or substantially all, of its material obligations under the Agreements which triggered Defendant's payment obligation.

29. Defendant materially breached the Agreements by failing to pay Mercury all amounts due and owing to Mercury Media thereunder.

30. As a direct result of Defendant's material breach of the Agreements, the Debtors' estates were damaged in the amount set forth on **Exhibit A** hereto.

### Third Claim for Relief
### (Quantum Meruit)

31. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32. Defendant requested, by words or conduct, that Mercury Media provide advertising, media purchasing, and/or and related services for the benefit of Defendant.

33. Mercury Media performed such services and conferred a benefit on Defendant.

34. Mercury Media reasonably expected Defendant would pay for such services.

35. Defendant was on notice that Mercury Media expected to be paid, including without limitation through Defendant's receipt of invoices from Mercury Media seeking payment for such services.

36. Defendant has failed to pay for such services.

37. The reasonable value of the services provided by Mercury Media to Defendant is the amount set forth on **Exhibit A** hereto.

### RESERVATION OF RIGHTS

38. During the course of this proceeding, Plaintiff may learn through discovery or otherwise of additional amounts that Defendant owes to the Debtors' estates. It is Plaintiff's intention to recover from Defendant all amounts owed by Defendant to the Debtors' estates. Plaintiff reserves all rights to amend this original Complaint to include: (i) other amounts owed by Defendant, (ii) modifications of and/or revisions to Defendant's name, (iii) additional defendants, and/or (iv) additional causes of action, if applicable (collectively, the "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff seeks the entry of a judgment finding Defendant liable to Plaintiff in the amount of not less than $40,568.32, together with Plaintiff's reasonable attorney's fees and costs, plus pre- and post-judgment interest from the date of each breach of the Agreements by Defendant, plus such other and further relief as this Court may deem just and proper.

Dated: April 19, 2021  
Wilmington, Delaware

By:   /s/ Bryan J. Hall  
David W. Carickhoff (No. 3715)  
Bryan J. Hall (No. 6285)  
300 Delaware Ave., Suite 1100  
Wilmington, DE 19801  
(302) 777-4350  
(302) 777-4352 (fax)  
dcarickhoff@archerlaw.com  
bjhall@archerlaw.com

*Attorneys for Chapter 7 Trustee,*  
*George L. Miller*

# EXHIBIT A

**Diversified Mercury Communications, LLC,** *et al.*
**Bankruptcy Case No. 19-10757**
**Exhibit A - Digital Media Solutions d/b/a/ The Addiction Advisor**

| Document Number | Date | Amount |
|---|---|---|
| 00042553 | 2/22/2018 | $ 16,350.00 |
| 00042784 | 3/30/2018 | 27,725.00 |
| 00042943 | 5/18/2018 | 10,180.00 |
| 00042996 | 5/22/2018 | 76.47 |
| PMT028138 | 6/27/2018 | (65.07) |
| PMT028267 | 7/23/2018 | (1,000.00) |
| PMT028299 | 7/31/2018 | (27.04) |
| PMT028450 | 8/27/2018 | (1,500.00) |
| PMT028559 | 9/18/2018 | (500.00) |
| PMT028607 | 9/28/2018 | (500.00) |
| PMT028672 | 10/12/2018 | (500.00) |
| PMT028698 | 10/18/2018 | (500.00) |
| PMT028796 | 11/7/2018 | (100.00) |
| PMT028806 | 11/8/2018 | (1,000.00) |
| PMT028911 | 11/29/2018 | (1,000.00) |
| PMT029011 | 12/19/2018 | (1,000.00) |
| PMT029065 | 1/4/2019 | (1,000.00) |
| PMT029190 | 4/18/2019 | (5,071.04) |
|  | **Balance Due** | **$ 40,568.32** |

220868918v1